NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| REBECCA DAVIS, | Civil Action No.08-4533 (SRC) |
| Plaintiff, | |
| v. | |
| QUALITY CARRIERS, INC., et al., | |
| Defendants, | |
| v. | |
| DANA CORPORATION, et al., | |
| Third-Party Defendants. | |
| FIRST TRENTON INDEMNITY COMPANY, | Civil Action No. 08-6262 (SRC) |
| Plaintiff, | **OPINION** |
| v. | |
| QUALITY CARRIERS, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon three motions to dismiss. Defendant/Third-Party Defendant Centre de Mécanique Henri-Bourassa, Inc. ("Bourassa") filed two separate but largely duplicative motions in the above-captioned action to dismiss for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(2): one motion to dismiss the Amended Complaint and all cross-claims [docket item no. 27] and another to dismiss the Third-Party Complaint [docket item no. 22]. Also before the Court is Bourassa's motion to dismiss the Amended Complaint filed by Plaintiff First Trenton Indemnity Company ("First Trenton") in the action captioned First Trenton Indemnity Company v. Quality Carriers, Inc., et al., docket no. 08-6262, [docket item no. 8] which was subsequently consolidated with this action. In the interest of simplicity, the Opinion will refer to all three motions as a single motion by Bourassa to dismiss all claims against it. Opposition to the motion has been filed by Defendant/Third-Party Plaintiff Quality Carriers, Inc. ("Quality Carriers") and by Plaintiff First Trenton. Plaintiff Rebecca Davis has joined in the opposition filed by Quality Carriers [docket item no. 34]. (In the instances when the Court refers to motion opponents Quality Carriers, First Trenton and Davis, it will collectively identify them as the "non-movants.") The Court heard oral argument on the motion on April 15, 2009. It has considered the arguments made by counsel at oral argument and in their written submissions. For the reasons discussed below, the Court will deny the motion to dismiss but grant Bourassa leave to file renewed a motion after the parties conduct limited discovery relating to whether Bourassa is subject to personal jurisdiction in New Jersey.

I.   BACKGROUND

This consolidated personal injury and property damage action arises out of a motor vehicle accident that occurred in the State of New Jersey. On December 30, 2006, John Tarangelo and his wife Rebecca Davis were traveling northbound on the New Jersey Turnpike when their motor vehicle was struck by a dislodged portion of the drive shaft of a tractor trailer

owned by Quality Carriers and operated by its employee Andre Slezak. The drive shaft was propelled through the windshield of the vehicle occupied by Tarangelo and Davis, causing fatal injuries to Tarangelo. On August 8, 2008, Davis, as the administrator of Tarangelo's estate, filed this action in the Superior Court of New Jersey seeking to recover for the injuries sustained by her husband. Defendant Quality Carriers removed the action to this Court on September 10, 2008. On December 22, 2008, First Trenton, as subrogee of Tarangelo, filed a separate lawsuit to recover the amount of insurance payments it made to Tarangelo and his estate for his personal injuries and vehicle damage sustained in the December 30, 2006 accident. The Davis and First Trenton actions were consolidated by Order of May 6, 2009. This Court has subject matter jurisdiction over this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Bourassa is a Canadian corporation in the business of performing mechanic services on commercial motor vehicles. The Amended Complaint alleges that Bourassa performed certain maintenance on the Quality Carriers vehicle that was involved in the accident with Tarangelo. The maintenance was performed in Montreal, Quebec, which is Bourassa's sole and principal place of business.

Pursuant to United States Department of Transportation ("USDOT") regulations, Bourassa registered with the USDOT for authorization to service commercial vehicles that travel in the United States. As a condition of registration, Bourassa was required by regulation to designate an agent for service of process in all fifty states. In connection with this requirement, it completed Federal Motor Safety Carrier Administration Form BOC-3, which provides that either individual or blanket designations may be made to comply with the rule that "an agent must be designated for each state in or through which the carrier, broker, or freight forwarder operates."

(See Form BOC-3, Quality Carriers Opp. Br., Ex. A.) Rather than designate an individual agent in each state separately, Bourassa made the blanket designation of selecting the National Resident Agent Service, Inc. as its one registered agent for all fifty states.

According to Quality Carrier's Vice-President of Technical Services, beginning in about 1997, Quality Carriers engaged Bourassa to perform maintenance and repair work on tractors and trailers. Quality Carriers is a motor carrier registered with the USDOT and authorized to conduct business in 48 states, including New Jersey. It maintains, through affiliates, three terminals in New Jersey.

Bourassa asserts that it does not have an office or other place of business in New Jersey and does not own or rent any property in New Jersey. It further asserts that it does not conduct business in New Jersey, does not solicit business or advertise in New Jersey and does not sell any products in New Jersey.

## II.   LEGAL ANALYSIS

Bourassa moved to dismiss all claims against it for lack of personal jurisdiction by initially arguing lack of contacts with New Jersey sufficient to support either general or specific jurisdiction. In response, Quality Carriers, First Trenton and Davis countered that personal jurisdiction over Bourassa in New Jersey exists by virtue of its registration with the USDOT and its designation of a national agent for service of process in all fifty states. The parties opposing Bourassa's motion take the position that Bourassa's appointment of an agent for service of process in all states, including New Jersey, constituted its consent to personal jurisdiction in New Jersey. Alternatively, they argue that aside from consenting to jurisdiction, Bourassa has

minimum contacts with New Jersey and this Court can exercise specific jurisdiction over it.  For the reasons that follow, the Court holds that Bourassa did not consent to personal jurisdiction in New Jersey when it appointed a national agent for service of process.  The Court, however, lacks sufficient information at this time to determine whether minimum contacts between Bourassa and New Jersey exist.  It will therefore deny the motion to dismiss without prejudice to provide the parties an opportunity to conduct jurisdictional discovery.

The Federal Rules of Civil Procedure provide that a district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted under state law.  Fed.R.Civ.P. 4(k)(1). A district court exercising diversity jurisdiction over a case must look to the forum state's long-arm statute in analyzing whether there is personal jurisdiction over a non-resident defendant.  Sunbelt Corp. v. Noble, Denton & Assocs., 5 F.3d 28, 31 (3d Cir. 1993).  New Jersey's long-arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process."  IMO Indus., Inc. v. Kiekert AG, 155 F.2d 254, 259 (3d Cir. 1998).  The Fourteenth Amendment's Due Process Clause requires that "individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  The Supreme Court has held that personal jurisdiction may be grounded in a non-resident's express or implied consent to suit in a particular jurisdiction.  Id. at 472 n. 14 (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)).

The burden falls on the non-movants to establish the existence of personal jurisdiction over Bourassa.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).  The Third Circuit directs, however, that the district court evaluating a motion to dismiss brought under

5

Federal Rule of Civil Procedure 12(b)(2) "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Id.

In this case, the non-movants maintain that Bourassa has consented to personal jurisdiction in New Jersey by operation of the Motor Carrier Act, 49 U.S.C. § 13101, et seq., and its implementing regulations. Their argument stems the Motor Carrier Act's service of process provision, which directs that a "motor carrier or broker providing transportation subject to jurisdiction under chapter 135 . . . shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker." 49 U.S.C. § 13304. While Bourassa, which provides mechanic services, is not a "motor carrier" within the meaning of the statute, it is subject to such a requirement under the USDOT's regulations, which extend to persons engaged in "the manufacture, assembly, certification, inspection or repair of a cargo tank or cargo tank motor vehicle manufactured under the terms" of certain USDOT specifications. 49 C.F.R. § 107.502 (requiring registration with USDOT to engage in such activities); see also 49 C.F.R. § 107.503 (requiring foreign registrant to designate permanent resident of United States as agent for service of process).

The Third Circuit has not addressed the question of whether the Motor Carrier Act's provision regarding service of process equates the designation of an agent for service of process in a particular state with consent to personal jurisdiction in that state. The Court notes that two district court decisions from within the circuit have reached opposite conclusions. Compare Wynne v. Queen City Coach Co., 49 F.Supp. 103, 104 (D.N.J.1943) (stating that motor carrier's designation of agent in a state is a consent to be sued in that state) with Landreville v. Joe Brown

Co., Inc., No. 06-5568, 2008 Westlaw 910009, at * 4 (E.D.Pa. Apr. 2, 2008) (holding that designation of national agent for service of process in compliance with Motor Carrier Act does not constitute consent to personal jurisdiction in any particular state).

The non-movants' argument relies primarily on Eighth Circuit jurisprudence, which holds that a foreign corporation consents to personal jurisdiction in a state when it designates an agent for service of process within the state. See Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990) (holding that foreign corporation's designation of agent for service of process pursuant to a Minnesota state statute was sufficient to indicate consent to be sued in that jurisdiction). Though not discussed in the parties' briefs, the directly applicable Eighth Circuit decision is Ocepek v. Corporate Transport, Inc., 950 F.2d 556 (8th Cir. 1991), which provides an analysis of the personal jurisdiction implications of the Motor Carrier Act's service of process provision. In Ocepek, the plaintiff was a citizen of Missouri who was hurt in a car accident which occurred in Ohio and involved a motor carrier that was incorporated and had its principal place of business in New York. Ocepek, 950 F.2d at 556. Mr. Ocepek filed suit in Missouri, serving the motor carrier defendant through its agent for service of process in that state, who was designated pursuant to 49 U.S.C. § 10330(b) (the predecessor provision to § 13304). Id. On the defendant motor carrier's motion, the district court dismissed the suit for lack of personal jurisdiction, finding insufficient minimum contacts with Missouri. Id. at 557. The appeals court reversed, finding that the designation of an agent under § 10330(b) gave the district court jurisdiction by consent. Id. In reaching this holding, the Ocepek court noted that but for the defendant's effort to limit the designated agent's authority to accept service only for suits arising in the State of Missouri, the case would be an simple application of the rule articulated in

Knowlton. Id. at 557-58. However, to deem the limitation on the agent's power ineffective, the Ocepek court examined in particular the Motor Carrier Act's service of process provision. Id. at 558-59. Reviewing the legislative history, it noted the that the purpose of the Motor Carrier Act was to protect the public from injury resulting from the negligent and unsafe use of vehicle engaged in interstate commerce and, in the court's evaluation, "to make it easy to hold interstate carriers responsible for their actions." Id. at 559. The court quoted the following statement from the Senate Report:

> Many States do not maintain a record of persons upon whom process may be served for interstate carriers because the States are concerned only with intrastate movements. The Interstate Commerce Commission is aware of this shortcoming and has required all interstate carriers to file with the Commission as well as the States. This provides those parties desiring to sue interstate carriers with the name of the person upon whom process may be served.

Id. (quoting S.Rep. No. 1650, 83d Cong., 2d Sess. 2, reprinted in 1954 U.S. Code Cong. & Admin. News 2658, 2659). The Ocepek court further noted that the statute's implementing regulations and the BOC-3 form motor carriers have to file with the Interstate Commerce Commission authorize service on the designated agent for a state no matter where the suit arises or is filed. Id. at 559-60. Thus, the Eighth Circuit concluded in Ocepek that the "obvious purpose of the federal statute is to eliminate potential jurisdictional problems and to provide injured parties with reasonably easy access to the courts, having in mind that the injured party is frequently a resident of some state other than that in which the accident has occurred." Id. at 560.

This Court disagrees with Ocepek. Nothing in the language of § 13304 or the applicable USDOT regulations even suggests that a motor carrier or other covered entity submits to the jurisdiction of each state in which it designates an agent for service of process. The statute

8

establishes a system in which interstate motor carriers, which by their nature may not have an accessible presence in a particular state through which they have traveled, can be served with process relatively easily.  See Paz v. Castellini Co., No. B-07-036, 2007 U.S. Dist. LEXIS 83028, at *20 (S.D.Tex. Nov. 8, 2007).  It protects the public by allowing an individual to pursue legal recovery against a motor carrier without the potentially burdensome task of finding the person on whom service of process may hale the interstate motor carrier into court.  This advantage to the public does not obviate the basic due process requirement of "fair warning that a particular activity" may subject the motor carrier to one state's jurisdiction.  Id. at *20-21.  The statute and its regulations, which are completely silent on the matter of personal jurisdiction, certainly give no warning.  The absence of consent to personal jurisdiction is, moreover, underscored in a case such as this one, in which Bourassa designated a national agent to accept service of process for actions in all fifty states.  Id.  Personal jurisdiction over a defendant must be established with regard to a particular forum state, in this case New Jersey, not with regard to the United States generally.  See, e.g., XL Specialty Ins. Co. v. Melexis GMBH, No. 07-1018 (DRD), 2007 U.S. Dist. LEXIS 76672, at *8-9 (D.N.J. Oct. 16, 2007) (rejecting plaintiff's arguments that defendant parent corporation's operation of various subsidiaries in the United States and the defendant's application for United States patents established general personal jurisdiction over the defendant because "[t]he plaintiff must show that the defendant maintains contacts with the *forum state*, not simply with the United States.") (emphasis in original).

      This Court, instead, is persuaded by the analysis offered by the United States District Court for the Eastern District of Pennsylvania in Landreville.  There the defendant motor carrier, a citizen of Oklahoma, had been sued in Pennsylvania for an accident that occurred in Oklahoma.

9

Landreville, 2008 Westlaw 910009, at * 1.  Although the motor carrier was authorized to transport materials in the lower 48 states, it generally operated only in a limited region of the country and had traveled through Pennsylvania only once in the five years preceding the lawsuit. Id. at *2.  Similar to the case at bar, the defendant motor carrier had designated one nationwide agent to accept service of process in each of the 48 states in compliance with 49 U.S.C. § 13304(a).  Id. at * 3.  The Landreville court, undertaking a thorough analysis of the Motor Carrier Act and the jurisprudence interpreting the designation of agent provision, held that this blanket designation did not imply consent to personal jurisdiction in Pennsylvania and was but one factor to be considered in a traditional contacts analysis.  Id. at *3-4.  The Landreville court reasoned:

> The inference that designation of an agent alone implies consent to personal jurisdiction is unwarranted in this case. Unlike the situation in *Bane* [*v. Netlink, Inc.*, 925 F.2d 637 (3d Cir.1991)], Defendant did not make a state-specific decision based on the desire to conduct business in Pennsylvania. It simply made a blanket designation in order to comply with federal law. Finding consent based on a blanket designation without considering actual contact with a state would invite nationwide forum shopping and leave Defendant with no protection against being haled into unfavorable or distant fora . . . The Motor Carrier Act is silent as to what effect, if any, Defendant's designation of an agent, standing alone, has on personal jurisdiction. While designation of an agent for service of process is a fact relevant to the jurisdiction analysis, it is not alone dispositive and must be considered along with Defendant's other contacts.

Id. at *4-5 (citations omitted).

Following the Landreville analysis of the Motor Carrier Act, this Court rejects the non-movants' argument that Bourassa's designation of a national agent for service of process explicitly or implicitly indicated its consent to personal jurisdiction in New Jersey.  While it may be a relevant factor to consider in minimum contacts analysis, the designation of an agent to accept service of process for suits filed in, among other places, New Jersey is not dispositive of

10

the personal jurisdiction issue.

As for minimum contacts, the non-movants have not demonstrated that Bourassa "purposefully avail[ed] itself of the privilege of conducting activities within" New Jersey. <u>Asahi Metal Indus. Co., Ltd., v. Superior Court of California, Solano County</u>, 480 U.S. 102, 109 (1987) (quoting <u>Burger King</u>, 471 U.S. at 475). The Supreme Court has been clear that "the minimum contacts must come about by an action of the defendant toward the forum State" and cannot be based merely on the defendant's awareness that its product may enter the forum state by some unilateral act of another and/or through the stream of commerce. <u>Id.</u> at 111-12. This Court accordingly rejects the argument that minimum contacts with New Jersey are demonstrated by Bourassa's reasonable anticipation that a vehicle it serviced for Quality Carriers in Montreal might travel through the State of New Jersey.

Finding no consent by Bourassa to personal jurisdiction in New Jersey and insufficient evidence of minimum contacts between Bourassa and this jurisdiction, this Court concludes that Quality Carriers, First Trenton and Davis have failed to meet their burden of making a prima facie demonstration of the Court's personal jurisdiction over Bourassa. The non-movants have, however, requested the opportunity to conduct discovery focused on the question of Bourassa's contacts with this forum sufficient to establish personal jurisdiction over Bourassa. The Court will grant this request. The parties may engage in discovery according to the limitations imposed by the Order which will accompany this Opinion. Accordingly, the Court will deny Bourassa's motion to dismiss without prejudice and with leave to renew the motion upon the conclusion of jurisdictional discovery.

### III. CONCLUSION

For the foregoing reasons, this Court denies Bourassa's motion to dismiss pursuant to Rule 12(b)(2) without prejudice. The parties will be directed to engage in limited discovery concerning Bourassa's contacts, in any, to New Jersey relevant to the matter of personal jurisdiction. Bourassa may file a renewed motion to dismiss for lack of personal jurisdiction at the conclusion of that discovery. An appropriate form of order will be filed together with this Opinion.

                                                   s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge

DATED: May 7, 2009