NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| REBECCA DAVIS, | : | |
| | : | Civil Action No.08-4533 (SRC) |
| Plaintiff, | : | |
| v. | : | |
| QUALITY CARRIERS, INC., et al., | : | |
| Defendants, | : | |
| v. | : | |
| DANA CORPORATION, et al., | : | |
| Third-Party Defendants. | : | |
| FIRST TRENTON INDEMNITY COMPANY, | : | Civil Action No. 08-6262 (SRC) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| QUALITY CARRIERS, INC., et al., | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the renewed motion to dismiss filed by Defendant/Third-Party Defendant Centre de Mécanique Henri-Bourassa, Inc. ("Bourassa") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Defendant/Third-Party Plaintiff Quality Carriers, Inc. ("Quality Carriers") has opposed the motion. The Court has opted to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. After consideration of the parties' written submissions, the Court has concluded that dismissal of all claims against Bourassa is warranted pursuant to Rule 12(b)(2).

The parties are, of course, familiar with the background of this case. Because the pertinent facts are set forth in the Court's Opinion of May 7, 2009 ("May 7 Opinion"), in which it addressed Bourassa's initial motion to dismiss, the Court will not repeat them here. As set forth in the May 7 Opinion, the Court rejected the non-movants' argument that Bourassa had consented to personal jurisdiction in New Jersey by virtue of registering with the United States Department of Transportation ("USDOT") for authorization to service vehicles that travel in the United States and, as a condition of that registration, selecting the National Resident Agent Service, Inc. as its one registered agent for service of process for all fifty states. It also determined that while the non-movants had proffered insufficient evidence of minimum contacts between Bourassa and New Jersey to establish *in personam* jurisdiction, the Court would allow the parties to engage in limited jurisdictional discovery, following which Bourassa could file a renewed motion to dismiss.

In the renewed motion, Bourassa takes the position that the jurisdictional discovery confirms what it has argued all along - that is, that it has no connection whatsoever to the State of New Jersey. The Court need not, after all, conduct a contacts analysis to determine whether the evidence revealed in discovery would suffice to demonstrate personal jurisdiction in New Jersey. See Asahi Metal Indus. Co., Ltd., v. Superior Court of California, Solano County, 480 U.S. 102,

109-110 (1987) (discussing contacts analysis as method to determine whether party may reasonably anticipate being haled into a particular jurisdiction's court consistent with the Due Process Clause of the Fourteenth Amendment). Quality Carriers, which as the non-movant bears the burden of establishing the existence of personal jurisdiction over Bourassa, Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004), concedes that following jurisdictional discovery, it has nothing to add to the contacts argument it made in opposition to Bourassa's initial motion to dismiss. For the reasons set forth in the May 7 Opinion, the Court finds that Quality Carriers has not come forward with facts "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Gehling v. St. George's Sch. of Med., 773 F.2d 539, 542 (3d Cir. 1985).

Instead, Quality Carriers requests in its opposition that the Court transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a) to cure the lack of personal jurisdiction over Bourassa in New Jersey. The Court declines to do so. By its terms, section 1406(a) applies only to an action in which venue has been laid in the wrong district. It states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Third Circuit has observed that even if section 1406(a) could in some situations be read so broadly as to apply where a case has been properly venued, such a transfer would require consent by the plaintiff. Carteret Savings Bank, F.A. v. Shushan, 919 F.2d 225, 232 (3d Cir. 1990) (declining to resolve question of whether 1406(a) transfer appropriate where plaintiff has properly venued an action, but holding that even so, transfer could not be effected without

plaintiff's consent).  Quality Carriers, however, does not argue that Plaintiffs have incorrectly venued this action in the District of New Jersey, nor does it proffer that Plaintiffs have consented to have this action transferred to the Eastern District of Pennsylvania.  Instead, what Quality Carriers actually appears to strive for is the transfer of its own third-party claims against Bourassa.  Although not expressly articulated as such in the papers filed by Quality Carriers, this may be understood as a request to sever its affirmative claims against Bourassa and transfer that portion of the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. 1404(a). Unlike section 1406(a), which "comes into play where plaintiffs file suit in an improper forum," section 1404(a) permits transfers in the Court's discretion for the convenience of the parties and "presuppose[s] that the court has jurisdiction and that the case has been brought in the correct forum."  Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).

Apart from other reasons, neither section 1404(a) nor section 1406(a) can support a transfer of this action, or a portion thereof, because both require that the transferee forum be one in which the action could have been brought.  Quality Carriers has not demonstrated that the Eastern District of Pennsylvania is a venue in which the action could have been brought.  Under 28 U.S.C. § 1391(a), a civil action founded solely on diversity jurisdiction, such as the case at bar, may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

4

28 U.S.C. § 1391(a).

Arguing that transfer is appropriate because Bourassa is subject to personal jurisdiction in Pennsylvania, Quality Carriers presumably relies on section 1391(a)(3).  It has not, however carried its burden of demonstrating that the proposed transferee district has jurisdiction over Bourassa.  Its argument that Bourassa consented to personal jurisdiction in Pennsylvania by virtue of the USDOT registration and designation of national agent for service of process, in compliance with the Federal Motor Carrier Act, suffers from the same flaws discussed in the Court's May 7 Opinion wherein the Court addressed this argument as it applied to consent to personal jurisdiction in New Jersey.  The Court finds its alternative argument, that Bourassa has sufficient "continuous and systematic" contacts with Pennsylvania to support general *in personam* jurisdiction, completely unpersuasive.  General jurisdiction over a non-resident defendant may exist even if the cause of action arises from the defendant's non-forum related activities, but it must be based on "significantly more than mere minimum contacts." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).   The contacts to the forum must be so substantial that the non-resident may be considered to have a "continuous presence" in the forum.  BP Chem. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 262 (3d Cir. 2000).  To review, Bourassa is a Canadian company which performs mechanic services on commercial motor vehicles.  Its sole place of business is Montreal, Quebec.  Quality Carriers points to three contacts with Pennsylvania, none of which, considered alone or together, amount to Bourassa's "presence" or systematic business activity in Pennsylvania.  Provident Nat'l Bank, 819 F.2d at 437.  The only contacts between Bourassa and Pennsylvania are: (1) that the office of the registered agent for national service of process is located in Pennsylvania; (2) that since 2004,

Bourassa has routinely sent the agent payment for this service to its Pennsylvania mailing address; and (3) that in 2006, the time of the subject accident, Bourassa maintained a web site, which promoted its business and which was accessible to Pennsylvania residents. Bourassa's purchases of the services of the registered agent, with payment and correspondence regarding the service being directed to a Pennsylvania address, do not support general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984) (holding that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Nor does maintaining a promotional website, which can be viewed by anyone in the world with internet access, constitute systematic business activity in Pennsylvania.

In sum, Quality Carriers has failed to carry its burden of showing with reasonable particularity that sufficient contacts between Bourassa and New Jersey exist to support personal jurisdiction. See Provident Nat'l Bank, 819 F.2d at 436 (setting forth legal standard when personal jurisdiction has been challenged). It has, moreover, not demonstrated to the Court that a transfer of venue under 28 U.S.C. § 1406(a) or under 28 U.S.C. § 1404(a) is appropriate relief to cure the lack of personal jurisdiction over Bourassa in this forum state.

**III.    CONCLUSION**

For the foregoing reasons, this Court grants Bourassa's motion to dismiss pursuant to Rule 12(b)(2) for lack of *in personam* jurisdiction.   An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: October 15, 2009