**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

LETTER OPINION

December 23, 2009

**VIA CM/ECF**
All counsel of record

  Re: **Davis, et al. v. Quality Carriers, Inc., et al.**
     **Civil Action No. 08-4533 (SRC)(MAS)**

Dear Counsel:

  This matter comes before the Court on application of Stark & Stark, P.C., attorneys for Plaintiffs Rebecca Davis, as Administrator *ad prosequendum* and Administrator of the Estate of John C. Tarangelo, deceased and individually ("Plaintiffs"), for the entry of an Order pursuant to Local Civil Rule 5.3(c) sealing documents related to a settlement between the Plaintiffs and certain defendants. (Docket Entry ("DE") # 93.) Third party defendant Dana Companies, LLC ("Dana") opposes Plaintiffs motion (DE # 96) and defendant/third party defendant Mack Trucks, Inc. ("Mack Trucks") joined in the opposition. (DE # 98.) For the reasons expressed below, Plaintiffs' Motion to Seal is granted.

**I. SUMMARY OF FACTS**

  All of the parties are well-versed in the underlying facts of this litigation. As such, the Court will spend only a few moments on those facts relevant to the instant motion. Plaintiffs seek relief to file under seal (i) all forms of Order submitted by an interested party in connection with the proposed Consent Order Approving Settlement and Application for a Fee on the Net Proceeds

1

in Excess of Two Million Dollars; (ii) the cover letter dated November 25, 2009 addressed to the undersigned outlining the settlement; and (iii) the Certification of John A. Sakson. (Pl.'s Moving Br. at 3.) The claims of Rebecca Davis, individually and as Administrator of the estate of her husband have been settled, but the litigation between the defendants and third-party defendants remains unresolved. (*Id.*) While the gross settlement amount is known by all parties, the parties do not know who is paying what portion of the settlement amount. (*Id.*). As part of the settlement agreement, the settling defendants requested a Confidentiality Agreement. (*Id.* at 3-4.) The documents that Plaintiffs seek to maintain under seal contain the payment information that is sought to be kept confidential under the anticipated Confidentiality Agreement. (*Id.* at 4.) Plaintiffs assert that the defendants and/or third party defendants have no need for the information as the settlement does not have anything to do with any of the substantive claims. (*Id.*)

Dana, on the other hand, asserts that it is entitled to the aforementioned settlement documents because they are relevant to discovery. (Third-Party Def.'s Opp'n Br. ("Opp'n Br.") at 2.) Quality Carriers, Inc. ("Quality Carriers"), a defendant involved in the settlement at issue, filed a third party claim against Dana. (*Id.*) Accordingly, Dana asserts that it is entitled to know the amount that Quality Carriers paid to Plaintiffs because the amount, if any, Dana may be liable for is directly contingent upon same. (*Id.*) Significantly, Quality Carriers has already advised Dana, in writing, of the amount that it is paying under the Settlement Agreement. However, Dana asserts that Quality Carriers' mere assertion regarding same is not sufficient and that its suspicion is confirmed by the fact that Quality Carriers' revealed the settlement payment amount but refuses to provide a copy of the settlement agreement. (Opp'n Br. at 2-3.)

Mack Truck joins in Dana's opposition, contending that it is entitled to all documents pertaining to any settlement entered into between Dana and the remaining parties. (DE # 98 at 1.)

## II. LEGAL STANDARD & ANALYSIS

Before this Court can grant a party's request to file a document under seal that would otherwise be a public document, the party seeking the relief must demonstrate that "good cause" exists for exempting the document. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). To determine whether good cause exists, this Court may consider the factors outlined under *Local Civil Rule 5.3(c)(2)*: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." While the public generally has a common law right of access to judicial proceedings and records, *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1998), "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, to justify entry of an order sealing judicial records, the party seeking the closure "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking" to seal the documents at issue. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (*quoting Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1993)).

Once the two aforementioned elements have been established, a district court will weigh the harm and injury that allegedly would result if the information is not sealed against the common law presumption of access. *Id.* In making the decision as to whether sealing is appropriate, this Court may consider the following factors:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

3

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)). However, these factors are not mandatory, nor are they an exhaustive list. *See id.* Ultimately, this Court has the discretion to make a decision by evaluating "the competing considerations in light of the facts" surrounding this specific case. *Pansy, supra*, 23 F.3d at 789 (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 492 (1991)).

Here, sealing of the following documents is appropriate: (i) all forms of Order submitted by an interested party in connection with the proposed Consent Order Approving Settlement and Application for a Fee on the Net Proceeds in Excess of Two Million Dollars; (ii) the cover letter dated November 25, 2009 addressed to the undersigned outlining the settlement; and (iii) the Certification of John A. Sakson. This Court finds that Plaintiffs have sufficiently demonstrated (1) a substantial and compelling interest in confidentiality; and (2) that divulgence to the public would work a clearly defined and serious injury to Plaintiffs. Specifically, disclosure would result in the dissemination of information to the public that is subject to a Confidentiality Order. (Pl.'s Moving Br. at 4.) Moreover, the public has little interest in the documents proposed to be filed under seal, as only private interests are involved. (*Id.*) On the contrary, disclosure may cause a competitive disadvantage to the settling defendants. (*Id.*) There is simply no less restrictive means to prevent the injury discussed above, because adjudication of the pending

Order Approving Settlement and the related documents will require disclosure to the Court and disclosure to the public will violate the anticipated Confidentiality Agreement. (*Id.*) Finally, Quality Carriers has already disclosed the amount it has agreed to pay to Plaintiffs. (Opp'n Br. at 2). While Dana's concern that Quality Carriers may not be disclosing the true settlement payment amount is understood, this Court finds that the potential harm and injury that may result if disclosure is permitted outweighs any potential harm to Dana and/or Mack Trucks.[1] Thus, when the aforementioned factors are weighed against the presumption of access, Plaintiffs' interest is more significant at this time. Accordingly, this Court grants Plaintiffs Motion to Seal.

### III. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS on this 23rd day of December, 2009**

**ORDERED THAT:**

1. Plaintiffs' motion to file under seal pursuant to *L. Civ. R.* 5.3 is hereby granted.

2. Plaintiffs shall electronically file the following documents under seal in accordance with the Court's electronic filing procedures: (i) all forms of Order submitted by an interested party in connection with the proposed Consent Order Approving Settlement and Application for a Fee on the Net Proceeds in Excess of Two Million Dollars; (ii) the cover letter dated November 25, 2009 addressed to the undersigned outlining the settlement; and (iii) the Certification of John A. Sakson.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While Dana is correct in asserting that discovery is broader at the pretrial stage of a matter and that under certain circumstances a settlement agreement may be discoverable under Federal Rule of Civil Procedure 26, the Court finds that this is not the appropriate time for making such a decision. (*See* Opp'n Br. at 3-4.) This Court's decision to grant Plaintiffs' Motion to Seal the Settlement Documents protects the information and documents from disclosure to the general public. Accordingly, if during discovery Dana and Mack Trucks continue to seek the settlement documents sealed pursuant to this Opinion and Order, they should file the appropriate applications for the Court's consideration.

5